NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSE VICTORIANO JANDRES-TURCIOS, | No. 09-73074 |
| Petitioner, | Agency No.  A070-345-989 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2012
Pasadena, California

Before:      **KOZINSKI**, Chief Judge, **REINHARDT** and **THOMAS**, Circuit
Judges.

**1.** Although Jandres testified that he did nothing to persecute anyone, the

immigration judge (IJ) found Jandres's testimony about his activities as a Treasury

policeman to be "incredible and inconsistent."  Credibility determinations are

---

      * This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

"conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Shrestha v. Holder, 590 F.3d 1034, 1044 (9th Cir. 2010). Jandres first testified that he never detained anyone, but then said he had. In addition, he claimed that he didn't remember telling an immigration officer that he had (1) killed guerillas, (2) interrogated civilians suspected of aiding guerillas, (3) personally interrogated three indigenous persons for subversion, and (4) delivered suspected guerillas to the S-2.

Given these inconsistencies, the IJ was justified in discounting Jandres's testimony. In addition, Jandres admitted to being a member of the Treasury Police in El Salvador, known for its human rights abuses, and to turning people over to the S-2 intelligence unit, where he knew they may have been harmed. Collectively, this was "sufficient" to shift the burden to Jandres to prove he wasn't a persecutor. In re A-H-, 23 I. & N. Dec. 774, 786 (A.G. 2005) (internal quotation marks omitted); see also Miranda Alvarado v. Gonzales, 449 F.3d 915, 930 (9th Cir. 2006); 8 C.F.R. § 1240.8(d).

Because Jandres didn't offer any evidence beyond his own non-credible testimony, he didn't meet his burden of persuasion that he wasn't a persecutor under either the Immigration and Nationality Act, 8 U.S.C. §§ 1229b(c)(5),

1231(b)(3)(B)(i), or the Nicaraguan Adjustment and Central American Relief Act, Pub L. No. 105-100, Title II, § 203(f)(1)(A), 111 Stat. 2198 (1997).

**2.**   Federal regulations require that "any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge and the alternate order of removal . . . shall immediately take effect."  8 C.F.R. § 1240.26(i); see Garfias-Rodriguez v. Holder, No. 09-72603, 2012 WL 5077137, at *16–20 (9th Cir. Oct. 19, 2012) (en banc).  The stay granted by this court on December 21, 2009, is lifted; however, if he complies with the requirements of  8 C.F.R. § 1240.26(i), by departing within thirty days, Jandres shall not be deemed to have departed under the order of removal.

**PETITION DENIED.**